NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUSTIN BENAVIDES, | No. 17-71963 |
| Petitioner, | Agency No. A094-425-031 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Agustin Benavides, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Benavides's contentions regarding political opinion that he raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Substantial evidence supports the agency's conclusion that Benavides failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See id.* at 1016 (An applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."). Thus, Benavides's asylum and withholding of removal claims fail.

**PETITION FOR REVIEW IS DISMISSED in part; DENIED in part.**

17-71963